UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12243-DPW

EXERGEN CORPORATION

v.

BROOKLANDS, INC.

____

CIVIL ACTION NO. 13-10628-RGS

EXERGEN CORPORATION

v.

KAZ USA, INC.

____

CIVIL ACTION NO. 13-11243-DJC

EXERGEN CORPORATION

v.

THERMOMEDICS, INC. and
SANOMEDICS INTERNATIONAL HOLDINGS, INC.

____

ORDER LIMITING THE SCOPE OF THE MARKMAN HEARING

August 1, 2014

STEARNS, D.J.

In its *Markman* briefs, KAZ raises issues of enablement in the context of claim construction, suggesting that certain terms should be construed in accordance with what it argues is the only enabled embodiment of the invention. The court will not resolve the question of enablement at the *Markman* hearing on August 13, 2014.

As the Federal Circuit recently cautioned, courts should "not to allow claim construction to morph into a mini-trial on validity." *Hill-Rom Servs., Inc. v. Stryker Corp.*, 2014 WL 2898495, at *4 (Fed. Cir. June 27, 2014). Although enablement is ultimately a question of law, "whether one skilled in the art could make and use the claimed invention without undue experimentation is . . . based on underlying findings of fact . . . not a single, simple factual determination, but rather [] a conclusion reached by weighing many factual considerations." *Warner-Lambert Co. v. Teva Pharm. USA, Inc.*, 418 F.3d 1326, 1337 (Fed. Cir. 2005) (citations omitted).

> Factors to be considered in determining whether a disclosure would require undue experimentation . . . include (1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims.

*In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988).

An exploration of the *Wands* factors is both premature and beyond the limited intended scope of the *Markman* process. Accordingly, the court will not permit expert testimony[1] on enablement at the claim construction hearing and reserve the issue for either summary judgment or trial.[2]

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[1] In any case, Dr. Bowman's brief declaration does not adequately discuss and evaluate the *Wands* factors.

[2] Because of "the factual nature of the inquiry in this case, [enablement] is amenable to resolution by the jury." *BJ Servs. Co. v. Halliburton Energy Servs., Inc.*, 338 F.3d 1368, 1371 (Fed. Cir. 2003).